**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JONATHAN CHRISTIAN BOLSON,

Plaintiff,

v. No. 2:26-cv-01745-SMD-JHR

SUBARU OF AMERICA, Inc., and
GPI TX-SU, INC., d/b/a EL PASO SUBARU,
d/b/a GROUP 1 SUBARU EL PASO,

Defendants.

**ORDER SETTING RULE 16 SETTLEMENT CONFERENCE**

In an effort to facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with Federal Rule of Civil Procedure 16(a)(5), on **Tuesday, January 19, 2027,** via Zoom. Proceedings will begin promptly at **9:00 a.m. Mountain time**. Counsel for each party is expected to arrange a separate Zoom meeting to use with the Court during the conference. Counsel and their clients must be present and available at the Court's convenience throughout the conference. **Counsel for each party should include the pertinent Zoom sign-in information for the Court's use during the settlement conference in the confidential statements to chambers**, discussed in further detail below.

The Court has set aside three (3) hours for this settlement conference. However, the Court expects the participants to keep their schedules open the entire day of the conference so that they are available to work through the noon hour and into the evening, if the Court deems it necessary. **Motions to reschedule the settlement conference must be filed no later than fourteen (14) days before the date of the settlement conference.** Motions to reschedule the settlement conference filed after this date may be considered untimely in the Court's discretion.

Individually named parties must attend in person, unless excused by the Court upon written request. **A party's personal appearance is intended to increase the efficiency and effectiveness of the settlement conference** by reducing the time for communication of offers and expanding the ability to explore options for settlement. A request to be excused must be made in writing seven (7) calendar days before the conference. *See* D.N.M.LR-Civ. 16.2(d). Excused parties must be available by telephone throughout the day of the conference. In the case of institutional parties, a designated representative, other than counsel of record, **with full and final settlement authority**[1] **must attend.** This requirement cannot be satisfied by hiring a local representative. If the appropriate representative with full and final authority resides in another state, he or she will be expected to make travel arrangements to attend in person and be available for the entire day. Lead counsel who will try the case must also attend in person. Those attending the settlement conference must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[2]

The purpose of the settlement conference is to facilitate settlement of this case, if appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to me in confidence will be kept confidential and will not be disclosed to any other party or to the trial judge.

---

[1] A representative with full and final settlement authority should have the power to make decisions up to the amount of the opposing party's most recent offer or counteroffer, although the Court does not expect the representative to be prepared to pay that amount. If there is no single representative who can be vested with full and final settlement authority, or if there is any other impediment to such a representative attending the settlement conference, counsel is to include this information, with a brief explanation of the impediment at issue, in its confidential position statement to the Court.

[2] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

No later than **Monday, December 21, 2026,** Plaintiff shall serve on Defendant a written settlement demand. If Plaintiff is claiming special damages—*i.e.*, damages for pecuniary losses, such as past medical expenses, lost wages, or property damages—Plaintiff's written settlement demand must itemize such special damages and state the exact dollar amount Plaintiff is claiming for each category.

No later than **Monday, December 28, 2026,** Defendant shall serve on Plaintiff a written counteroffer. If a release is contemplated, defense counsel shall include a proposed form of release with the counteroffer. If Defendant disagrees with the amount of the special damages Plaintiff has claimed, Defendant's counteroffer must state the exact dollar amount Defendant believes to be correct for each category. For example, if Plaintiff claims $1,000 in past medical expenses, and Defendant believes the correct amount of past medical expenses is $500, Defendant's letter must clearly state that Plaintiff's past medical expenses amount to $500. It is insufficient to merely say, "Defendant disagrees that Plaintiff has $1,000 in past medical expenses." If there is any dispute about special damages, counsel will be required to do two things. First, lead trial counsel for each party must meet in person or telephonically before the settlement conference to try to resolve the dispute. Counsel are specifically instructed to talk to one other; an exchange of emails or correspondence is insufficient. Second, if the dispute cannot be resolved, lead trial counsel for each party must bring to the settlement conference all documentation supporting his or her position on special damages and be prepared to personally argue this position. This duty cannot be delegated to an associate, party representative, or insurance representative. The Court will expect each lead trial counsel to be prepared to present his or her case on special damages.

The parties' written offer and counteroffer must be made in a good-faith effort to resolve the litigation. If the parties have engaged in settlement negotiations since initiation of the lawsuit,

Plaintiff's written demand should generally be lower than Plaintiff's most recent demand, and Defendant's counteroffer should generally be higher than Defendant's most recent counteroffer.

Participants in a settlement conference must also be willing to engage in a good-faith exchange of information. The parties are therefore encouraged to exchange position papers, setting forth evidence and legal principles that support their claims or defenses with a brief explanation of why damages or other relief would or would not be warranted. The settlement conference is intended to be a time-out from litigation and any position papers exchanged should be written to educate the other side about areas of factual and legal agreement and disagreement. The tone of these papers should not be litigious or inflammatory. The parties are encouraged to exchange key records, reports and documentation supporting their positions with regard to liability and damages to the extent not already exchanged in discovery. If settlement is not achieved before the settlement conference, the parties must be prepared to engage in further good-faith negotiations and exchange additional offers and counteroffers at the settlement conference.

On **Monday, January 4, 2027,** at **9:00 a.m. Mountain time,** the Court shall hold a short telephonic status conference with counsel to discuss whether to proceed with the settlement conference. To join the proceedings, parties shall call my toll-free line at **(855) 244-8681** and enter the access code **2300 798 7117#**. If all counsel agree that settlement is possible and the conference will be productive, the settlement conference will proceed as planned. If, however, counsel believe settlement is unlikely and that the conference should be postponed or canceled, the Court shall terminate the settlement conference and follow up with counsel about rescheduling or setting the case for trial as appropriate.

No later than **Monday, January 11, 2027,**[3] each party must submit to the Court, in confidence, a concise supplemental position statement (typically no more than 10 pages); a brief summary of the facts and statement regarding its position on liability; an analysis of the evidentiary and legal strengths and weaknesses of its case; status of discovery; identification of any pending motions; an outline or itemization of damages or other relief requested; status of settlement negotiations to date; and, the names of the individuals who will be attending the conference and in what capacity. If a party has multiple insurance carriers providing potential primary and/or excess coverage in the case, that party's counsel must also address each carrier's anticipated role, if any, in settlement negotiations. Parties are to attach their most recent written settlement demand or counteroffer, as well as any position papers they have sent to the opposing side, as addenda to their position statements to the Court. Position statements may be submitted to the Court by e-mail at **ritterproposedtext@nmd.uscourts.gov**. Furthermore, if any party has in its possession any video or audio recording of the incident upon which this action is based, that party must submit a copy of the recording to the Court no later than **January 11, 2027.**

During the settlement conference, the parties or their counsel **may** be asked to answer the Court's questions in an initial joint session, if held. If any party has reservations about providing any statement or answering questions in the presence of the opposing side, these concerns should be raised in the confidential settlement letter to the Court. Most of the settlement conference will be conducted in confidential separate caucuses with each party and the party's attorney(s) and representative(s).

[3] Counsel will be required to attend a show cause hearing and may be assessed a sanction of up to $100 for each day the position paper is late unless a timely written request for an extension is received and approved by the Court.

Once the Court receives the parties' position statements, the undersigned may contact counsel *ex parte* before the settlement conference to discuss the settlement conference. As such, prior to submitting their position statements, counsel are directed to analyze and identify impediments to settlement, confer with their clients and prepare them for the mediation, and assess any additional information or matters that need to be addressed to the Court before the mediation. Counsel should also be prepared to address: (1) who will attend the settlement conference, and provide a brief statement as to their roles/positions in the case; (2) whether participants will be traveling from out of town to attend the conference; (3) in the case of institutional parties, whether settlement authority will come from pre-settlement committee review and, if so, whether complete and timely information has been obtained and provided to the committee so that appropriate authority will have been granted; and, (4) whether any additional documentation is needed concerning special damages claimed.

Please direct any inquiries to ritterproposedtext@nmd.uscourts.gov.

**IT IS THEREFORE ORDERED as follows:**

| | |
|---|---|
| **Plaintiff's demand letter due to Defendant:** | **December 21, 2026** |
| **Defendant's counter offer due to Plaintiff:** | **December 28, 2026** |
| **Status conference:** | **January 4, 2027, at 9:00 a.m. MT** |
| **Parties' position statements due to the Court:** | **January 11, 2027** |
| **Settlement conference:** | **January 19, 2027, at 9:00 a.m. MT** |

**IT IS SO ORDERED.**

HON. JERRY H. RITTER
United States Magistrate Judge

# SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

A. FORMAT

1. Parties with ultimate settlement authority **must** be personally present.

2. The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

3. Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference? If so, or if you want to know more about these processes, please contact the Court so a conference call to discuss options can be arranged. Have you discussed these options with your client?

B. ISSUES

1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

2. What remedies are available resulting from this litigation or otherwise?

3. Is there any ancillary litigation pending/planned which affects case value?

4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

5. Do attorneys fees or other expenses affect settlement? Have you communicated this to the other side?

C. AUTHORITY

1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do you need to include a representative of the lien holder? If so, contact the Court immediately.

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do you need to include the representative from more than one company/carrier? If so, notify the Court immediately.

D. NEGOTIATIONS

1. Where have your last discussions ended? Are you sure?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

E. CLOSING

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?

5. If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.